# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR NGO, an individual,<br><br>                              Plaintiff,<br>  vs.<br><br>BANK OF AMERICA & MOYNIHAN CEO & FEDERAL NATL MTF ASSN,<br><br>                              Defendant. | CASE NO. 10CV1007-MMA (NLS)<br><br>ORDER RE: DEFENDANT'S REQUEST FOR JUDICIAL NOTICE<br><br>[Doc. No. 4-4] |

      On April 7, 2010, Plaintiff Junior Ngo filed the above-captioned action in the San Diego County Superior Court. (Doc. No. 1.) On May 11, 2010, Defendant Bank of America removed this action to this Court. (*Id.*) On May 18, 2010, Defendant Bank of America, Federal National Mortgage Association ("Fannie Mae"), and Brian Moynihan filed a motion to dismiss Plaintiff's complaint. (Doc. No. 4.) In conjunction with their motion to dismiss, Defendants also submitted a request for judicial notice, requesting that the Court take judicial notice of the First Amended Complaint ("FAC"), which was apparently filed in state court on April 28, 2010, but for some reason unknown to the Court was not attached to the notice of removal.

      In order to effectuate a removal, 28 U.S.C. § 1446 provides:

> A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). By failing to attach the amended complaint, Defendant failed to comply with this

provision. The Court, however, finds this procedural defect to be harmless. After reviewing the Defendant's notice of removal, the Court notes that removal was proper because the notice adequately demonstrated that the Court had jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331. Because the removal was proper, the FAC has no effect on the Court's jurisdiction, the Court finds that the Defendant's failure to attach it was nothing more than a technical defect. Because technical defects in the removal procedure can be either waived or later corrected, the Court construes Defendants' request for judicial notice as an amended notice of removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212–13 (9th Cir. 1980). *See also Kosen v. Ruffing*, 2009 U.S. Dist. LEXIS 659, at *32–*33 (S.D. Cal. Jan. 5, 2009) (declining to remand action due to technical defect in notice of removal). Accordingly, the Court **ORDERS** the Clerk of Court to file the first amended complaint, attached to Defendants' request for judicial notice (Doc. No. 4-4) as an amended notice of removal.

**IT IS SO ORDERED**.

DATED: June 30, 2010

Hon. Michael M. Anello
United States District Judge