UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR NGO, an individual,<br><br>          Plaintiff,<br> vs.<br><br>BANK OF AMERICA & MOYNIHAN CEO & FEDERAL NATL MTF ASSN,<br><br>          Defendant. | CASE NO. 10CV1007-MMA (NLS)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 4] |

  On April 7, 2010, Plaintiff Junior Ngo filed the above-captioned action in the San Diego County Superior Court. (Doc. No. 1.) On May 11, 2010, Defendant Bank of America removed this action to this Court. (*Id.*)[1] On May 18, 2010, Defendants filed a motion to dismiss Plaintiff's complaint. With the motion, Defendants also submitted a request for judicial notice, requesting that the Court take judicial notice of Plaintiff's First Amended Complaint ("FAC") which was filed in state court on April 28, 2010, but was not attached to the Defendant's notice of removal. (Doc. No. 4-4.) Because the Court found the failure to be a technical defect that had no bearing on the validity of the removal or this Court's jurisdiction, the Court construed the request as an amended notice of removal and ordered the Clerk of Court to file the FAC. (Doc. No. 9)

  The Court notes that while much of the allegations set forth in the FAC remain unchanged, Plaintiff added one additional Defendant in the FAC: Federal National Mortgage Association

---

[1] Although Plaintiff's complaint also named Brian Moynihan, Defendant's Chief Executive Officer, Moynihan had not yet appeared in the state court action and had made no objection to the notice of removal. (*Notice of Removal* [Doc. No. 1] at ¶ 3.)

1  (erroneously sued as "Federal Natl Mtg Assn"). Plaintiff's complaint relates to real property located
2  at 2123 Crandall Drive, San Diego, California, 92111. (Doc. No. 9.) Collectively, Defendants now
3  move to dismiss all of Plaintiff's claims. (Doc. No. 4.) To date, Plaintiff has filed no opposition to
4  motion, and he has failed to seek an extension by which to respond to the motion.

5        The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss
6  pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for
7  failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule
8  7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local
9  Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by
10 the court." As such, the Court has the option of granting Defendants' motion on the basis of Plaintiff's
11 failure to respond, and it chooses to do so.

12       Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City
13 of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward
14 resolution on the merits when the plaintiff fails to prosecute his or her case. Thus, this policy lends
15 little support to a party whose responsibility it is to move a case toward disposition on the merits but
16 whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d
17 1447, 1454 (9th Cir. 1994). In addition, management of this Court's docket is of vital significance to
18 the proper and timely resolution of matters before it. Consequently, the Court finds dismissal of this
19 action pursuant to Local Civil Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in
20 light of the fact that multiple cases similar to the one at bar are currently pending. For the reasons set
21 forth above, the Court **GRANTS** Defendants' unopposed motion and **DISMISSES** this action without
22 prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is
23 ordered to close the case file.

24     **IT IS SO ORDERED**.

25 DATED: June 30, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge